# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN KOZLOWSKI,
MICHELLE KOZLOWSKI, and
JOHN DOES I – V,
　　　　　　　　　Plaintiffs,

　　v.


STATE OF NEVADA, *et al.*,
　　　　　　　　　Defendants.

3:15-cv-00246-MMD-VPC


**REPORT AND
RECOMMENDATION OF
U.S. MAGISTRATE JUDGE**

　　　　This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is plaintiffs' application to proceed *in forma pauperis* (#1) and *pro se* complaint (#1-1).  Having reviewed the record, the court recommends that plaintiffs' application to proceed *in forma pauperis* be granted, and that this action to move forward as described herein.

## I.  *IN FORMA PAUPERIS* APPLICATION

Based on the financial information provided in plaintiffs' application to proceed *in forma pauperis*, the court finds that plaintiffs are unable to pay the filing fee in this matter.  The court therefore recommends that plaintiffs' application to proceed *in forma pauperis* be granted.

## II.  LEGAL STANDARD

Applications to proceed *in forma pauperis* by *pro se* plaintiffs are governed by 28 U.S.C. § 1915.  Section 1915 provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B)(i)–(iii).  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard when reviewing the adequacy of a complaint under § 1915.  *See*

*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Under Rule 12(b)(6), the court is to dismiss when the complaint fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

Upon review, the complaint is construed in the light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court takes particular care when reviewing the pleadings of a *pro se* plaintiff, as a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 341–42

(9th Cir. 2010); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).   In addition, a *pro se* plaintiff must be given notice of the deficiencies of his or her complaint, and leave to amend, unless the opportunity to amend would be futile.   *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).   Despite this leniency, a district court may in its discretion dismiss an *in forma pauperis* complaint if the claim "lacks an arguable basis in either law or fact." *Id.* This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios).

## III.   DISCUSSION

### A.   Background Allegations

Steven and Michelle Kozlowski ("plaintiffs") are residents of Douglas County, Nevada.   Mr. Kozlowski suffers from a traumatic brain injury and spinal cord damage, which cause him to experience difficulties balancing and with his vision and hearing,

and to have tremors, muscle spasms, and sudden changes in blood pressure.   (#1-1 at 4.)   Ms. Kozlowski suffers from a traumatic brain injury, and has lower back damage; she too has difficulties balancing and with her hearing and vision.[1]   (*Id.* at 6.) Plaintiffs contend that their rights under the Americans with Disabilities Act (ADA) and 42 U.S.C. § 1983 have been violated, and name a panoply of defendants allegedly responsible, including the State of Nevada, the Office of the Attorney General of the State of Nevada, Douglas County, Carson City, officers with the Douglas County Sheriff's Office, government and private

---

[1] The court notes the unfortunate and untimely death of Mrs. Kozlowski.  Notwithstanding this tragic development, plaintiffs' complaint fails to state any claims on behalf of Mrs. Kozlowski for which relief could have been granted.  Accordingly, the court recommends that Mrs. Kozlowski's claims be dismissed from the present action.

attorneys, a court reporter, three Nevada Supreme Court justices, and Does I through XX.  (*Id.* at 1–2.)[2]

---

[2] The complaint names as additional plaintiffs "John Does I – V." (#1-1 at 1.)  While the Federal Rules of Civil Procedure do not expressly condone or bar the name of anonymous plaintiffs, Rule 10(a) requires the title of a complaint to "name all the parties" and Rule 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 10(a), 17(a).  As a matter of public policy, the use of pseudonyms in judicial proceedings is against the public's interest in open judicial proceedings.  *E.E.O.C. v. ABM Indus. Inc.*, 249 F.R.D. 588, 592 (E.D. Cal. 2008).  Thus, while it is within a district court's discretion to permit a plaintiff to proceed anonymously, the plaintiff must show that their "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).  Plaintiffs make no attempt to do so

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

   While the allegations in the complaint are, at times, difficult to discern, plaintiffs' claims arise from several events precipitated by an incident between Mr. Kozlowski and the Douglas County Sheriff's Office ("DCSO") on August 22, 2009, after which Mr. Kozlowski was hospitalized for his injuries.   (*Id.* at 18.)   In subsequent dealings with DCSO, plaintiffs contend that a DSCO investigator intentionally erased Mr. Kozlowski's tape recorder, which he used as an assistive memory device (*id.* at 20), and that DSCO officers arrested Mr. Kozlowski in a manner that failed to accommodate his disability (*id.* at 22–23).   Mr. Kozlowski was then detained for two days in March 2010 at the DSCO jail in Minden, Nevada, where he was held in a cell that was not ADA-accessible. (*Id.* at 23.)   In November 2010 Mr. Kozlowski was again detained in a non-ADA accessible cell, this time at the Regional Medical Facility in Carson City, Nevada.   (*Id.* at 24.)

24
25
26
27
28

here; in fact, they do not mention the John Does after the title page of the complaint.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In 2010 and 2011 Mr. Kozlowski appeared before the First Judicial District Court in Carson City, Nevada and the Douglas County Judicial and Law Enforcement Center ("DCJ&LE Center") for the purpose of evaluating his competency and to stand trial for criminal charges related to the August 22, 2009 incident.  (*Id.* at 23–27.)   In those proceedings he was denied a note taker, a transcript of court proceedings, the presence of two attorneys at every court proceeding, or breaks—accommodations that had been recommended by healthcare providers.  (*Id.* at 24, 27, 28.) Furthermore, plaintiffs allege that biological evidence was destroyed before the criminal trial was complete (*id.* at 25), that Mr. Kozlowski signed a guilty plea "under duress" and "under the influence of controlled substances for his medical condition" (*id.* at 27–28), and that Justices Pickering, Parraguirre, and Saitta of the Nevada Supreme Court "willingly and knowingly ordered a premature decision" regarding Mr. Kozlowski's case (*id.* at 29–30).

More generally, plaintiffs also maintain that since August 2009 both their rights under the ADA have been violated by

defendants' failure to determine whether plaintiffs' perceived "strange or disruptive behaviour or unconsciousness" was the result of their disabilities and to make reasonable accommodations.  (*Id.* at 30–31.)   Plaintiffs seek a variety of remedies including compensatory damages, an investigation by the federal government, reversal of the decision by the Nevada Supreme Court, and that defendants "be enjoined the maximum, including but not limited to, cost, fines, fees and punishment, including . . . termination or resignation."  (*Id.* at 33–34.)

In 2014 plaintiffs filed an action in this court based on the same or similar facts.  Finding that plaintiffs had failed to state any plausible claim, the court dismissed plaintiffs' complaint without prejudice.  *Kozlowski v. Nevada*, No. 3:14-cv-00218-MMD-WGC, 2014 WL 6907442 (D. Nev. Dec. 8, 2014).

## B.   ADA Title II Claims

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services,

programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. To state a claim, a plaintiff must allege:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*O'Guinn v. Lovelock*, 502 F.3d 1056, 1060 (9th Cir. 2007) (citation and quotation omitted). The Ninth Circuit has interpreted the causal language "by reason of" to require that a plaintiff show that a discriminatory reason was a "motivating factor" in the defendant's decision. *Head v. Glacier Northwest Inc.*, 413 F.3d 1053, 1065 (9th Cir. 2005). Furthermore, to recover monetary damages, a plaintiff must prove intentional discrimination by the

defendant.  *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138–39 (2001).  The standard for intentional discrimination is deliberate indifference, requiring the plaintiff to show that the defendant knew "harm to a federally protected right [wa]s substantially likely" and failed to act upon that likelihood.  *Id.* at 1139.

Plaintiffs do not specify which actions or events implicate Title II.  However, viewing plaintiffs' allegations in the most favorable light, the following most plausibly give rise to a claim under Title II: the manner of Mr. Kozlowski's arrest in March 2010; the conditions of Mr. Kozlowski's detentions in March and November 2010; the alleged lack of accommodations made during Mr. Kozlowski's court proceedings; and defendants' failure since August 2009 to determine whether plaintiffs' behavior was the result of their disabilities and to make reasonable accommodations.  Of these, plaintiffs state a colorable Title II claim with respect to Mr. Kozlowski's arrest.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 1.   Mr. Kozlowski's March 2010 Arrest

In a recent decision, the Supreme Court declined to rule on whether the ADA applies to arrests.  *See City & Cnty. of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1774–75 (2015).  Thus, this court follows the rule of the Ninth Circuit, which has held that Title II of the ADA applies to wrongful arrests, "where police wrongly arrest someone with a disability because they misperceive the effects of that disability as criminal activity," and to arrests in which police "fail to reasonably accommodate the person's disability in the course of investigation or arrest, causing the person to suffer greater injury or indignity in that process than other arrestees."  *Sheehan v. City & Cnty. of San Francisco*, 743 F.3d 1121, 1132 (2014), *reversed in part, certiorari dismissed in part by Sheehan*, 135 S. Ct. 1765.

Applying *Sheehan*, plaintiffs' allegations with regard to Mr. Kozlowski's arrest are sufficient to state a claim under Title II.  To begin, plaintiffs allege that Mr. Kozlowski's physical and mental impairments substantially limit his performance of one of more

major life functions, making him disabled within the meaning of the ADA. (#1-4.)  Second, while not expressly stated, as a resident of Douglas County Mr. Kozlowski would be qualified to receive the benefit of the DSCO's services.   Finally, plaintiffs carry their burden with respect to prongs three and four under a failure to accommodate theory.  Plaintiffs allege that defendants John T. Harker, Daniel J. Coverley, and "additional DCSO deputies" knew Mr. Kozlowski was disabled when they arrested him at his home in March 2010 because of prior dealings, and because Ms. Kozlowski "repeatedly stated 'He's disabled!'" as the officers approached.  (#1-1 at 22.)  Despite that knowledge, during the arrest the officers forced Mr. Kozlowski's neck and back to twist and bend beyond their range, such that "he could no longer ambulate." (*Id.* at 22–23.)

While plaintiffs' claim may proceed against DCSO and against Mr. Harker and Mr. Coverley in their official capacities, any claims brought against defendants in their individual capacities must be dismissed.  As set forth by statute, a plaintiff may only

assert a Title II claim against "public entitles."  42 U.S.C. § 12132. Public entity is defined as the state or local government, or any department, agency, special purpose district, or other state or local government instrumentality.  28 C.F.R. § 35.104.  Reviewing courts have thus determined that public officials sued in their individual capacities are excluded.  *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) (holding that a plaintiff cannot sue state officials in their individual capacities under § 1983 to vindicate rights created by Title II of the ADA); *Newsome v. Ariz. Dep't of Corr.*, No. CV 13–1187–PHX–SMM (JFM), 2015 WL 437537, at *5 (D. Ariz. Feb. 3, 2015) (collecting courts of appeals cases finding no individual liability under Title II of the ADA).

## 2.   Mr. Kozlowski's March and November 2010 Detentions

Title II's "services, programs, or activities of a public entity" language encompasses the services provided by law enforcement agencies and at jails, prisons, and other custodial or correctional institutions.  *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir.

2001); *United States v. Georgia*, 546 U.S. 151, 154 (2012).   In addition, the entities responsible for the operation of such facilities are required by regulation to make physical modifications in order to ensure that each disabled detainee "is housed in a cell with the accessible elements necessary to afford the [detainee] access to safe, appropriate housing."  28 C.F.R. § 35.152.

Here, however, plaintiffs' allegations regarding his detention conditions do not form the basis for an ADA claim.  To begin, while plaintiffs allege that Mr. Kozlowski was detained in non-ADA accessible cells (#1-1 at 22, 23), that alone is insufficient to sustain a claim under Title II.  Plaintiffs do not allege, for example, that Mr. Kozlowski requested and was denied alternative accommodations, or any other facts to demonstrate that defendants were "more than likely motivated" by a discriminatory reason, or that they even knew Mr. Kozlowski' required a different cell.  Because of this omission, plaintiffs have not stated a claim for relief under Title II for which relief may be granted.

In addition, with respect to Mr. Kozlowski's detention at the Regional Medical Facility in Carson City, plaintiffs do not identify which defendant or defendants committed the alleged ADA violations therein.  (*See* #1-1 at 24–25.)  While they identify the facility as being located at the Nevada Department of Corrections (NDOC) in Carson City, NDOC is not a named defendant in this case.  Given the vast number of defendants who are named, it is not the responsibility of this court to speculate against whom the claim might be directed.

### 3.    Mr. Kozlowski's Court Proceedings

Plaintiffs next allege that Mr. Kozlowski was denied adequate accommodations under the ADA during court proceedings at the First Judicial Court in November 2010 and at the DCJ&LE Center between December 2011 and April 2013.  (#1-1 at 24, 27–28.) Plaintiffs contend that defendants James E. Wilson, Diane R. Crow, Noel S. Waters, Neil A. Rombardo, and Gerald J. Gardner are liable in their individual capacities for the alleged violations at the First Judicial Court (*id.* at 12–15, 24); plaintiffs do not clearly

identify which defendants they believe are responsible for the DCJ&LE Center violations (*see id.* at 27).

Defendants Crow, Waters, Rombardo, and Gardner appear to be attorneys employed by the State of Nevada, while defendant Wilson is District Court Judge of the First Judicial District. State officials cannot be held liable in their individual capacities under Title II, and Judge Wilson is entitled to the additional protection of absolute judicial immunity. *See* 42 U.S.C. § 12132; *Duvall*, 260 F.3d at 1133 (holding that judge's decision to deny disabled litigant's request for a videotext display was a "normal judicial function," like ruling on a motion, and so was protected by absolute judicial immunity).  Accordingly, the court recommends that plaintiffs' Title II ADA claims regarding the court proceedings be dismissed.

**4.   Failure to Assess Mr. and Mrs. Kozlowski's Behavior and Make Reasonable Accommodations**

Finally, plaintiffs state that "since the events of August 22, 2009, Defendants of DCSO" and defendants Justin F. Fricke,

Bernadette J. Smith, and Troy S. Van Amberg have failed to make appropriate efforts to determine whether plaintiffs' disruptive behavior was the result of their disabilities, or to make reasonable accommodations for plaintiffs.  (*Id.* at 30.)   However, plaintiffs' allegations contain no underlying facts to support such naked assertions or give defendants fair notice as to when or how the alleged violations occurred.  Plaintiffs' right to relief does not rise above a speculative level, and dismissal is appropriate.  *Twombly*, 550 U.S. at 555.

## C.   ADA Title III Claims

Title III of the ADA prohibits discrimination on the basis of disability by privately-owned places of public accommodation and commercial facilities. 42 U.S.C. § 12182(a).  To state a claim, a plaintiff must allege that: (1) he or she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against plaintiff on the basis of plaintiff's disability by denying him or her a full and equal

opportunity to enjoy the services defendant provides.  *Id.*; *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).  Only injunctive relief is available under Title III.  42 U.S.C. § 12188; *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002).

As with their Title II claims, plaintiffs do not specify which parties or actions give rise to a claim or claims under Title III.  Rather, the only mention of Title III is made on the title page of the complaint.  (#1-1 at 1.)  As a Title III claim may only proceed against private entities that own, lease, or operate a place of public accommodation, the court considers whether plaintiffs state a claim under Title III against the three named defendants who fit that description.

Defendants Jamie C. Henry, Mr. Ence, and Mr. Hotchkin are three attorneys who are "licensed to practice law in the State of Nevada and lease[] or own[] an office of law practice." (#1-1 at 14, 16).  Plaintiffs mention Mr. Ence and Mr. Hotchkin in connection with the alleged destruction of evidence (*id.* at 26) and the guilty

plea that Mr. Kozlowski signed in his criminal case (*id.* at 28).  Ms. Henry, meanwhile, apparently extended a meeting longer than plaintiffs had expected it to last, asked Mr. Kozlowski to write a note, and failed to respond to plaintiffs' calls or emails.  (*Id.* at 28–29.)  Critically, plaintiffs fail to explain how any these actions were discriminatory in nature or denied plaintiffs "a full and equal opportunity to enjoy" defendants' legal services, *Goddard*, 603 F.3d at 670; if anything, plaintiffs describe disagreements more appropriately raised in a legal malpractice claim.  Plaintiffs have therefore failed to assert the necessary elements of a Title III ADA claim.

## D.   § 1983 Claims

In addition to directly suing under the ADA, plaintiffs attempt to assert indirect claims against defendants under § 1983. Section § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)).

The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the Constitution and federal statutes," *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

"One cannot go into court and claim a 'violation of § 1983'— for § 1983 by itself does not protect anyone against anything." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979).  Rather, claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state law.  *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).  Further, to prove a § 1983 claim, the plaintiff must necessarily establish each of the elements required to prove the defendant's infringement of the underlying substantive right.

Plaintiffs mention § 1983 twice in their complaint, alleging that certain actions taken by defendants violated the statute and

their civil rights.  (#1-1 at 28, 29.)  First, with regard to the proceedings at DCJ&LE Center in 2012 and 2013, plaintiffs contend that "the actions of defendants Romero, Ms. Jackson, Ence, Hotchkin, Dustman, Gregory, Mr. Jackson, and Gibbons are violations within the meaning of 42 U.S.C. § 1983 and ADA."  (*Id.* at 28.)  Second, plaintiffs seem to argue that Justices Pickering, Parraguire, and Saitta of the Nevada Supreme Court somehow violated § 1983 when they "willingly and knowingly ordered a premature decision" the deny Mr. Kozlowski's appeal of his guilty plea, as the "appeal was of public interest in the meaning of 42 U.S.C. § 1983 and ADA."  (*Id.* at 29, 30.)  Plaintiffs seek to hold defendants liable in their individual capacities.  (#1-1 at 13–15.)

The court first notes that plaintiffs appear to misunderstand the nature of § 1983.  The defendants did not violate plaintiffs' § 1983 rights, because no such rights exist.  However, even if the court were to assume that plaintiffs articulated a violation of a federally-protected right, no claim could proceed against the identified defendants.  State officials, as previously discussed,

cannot be sued in their individual capacities under § 1983 for violations of Title II of the ADA.[3]  *Vinson*, 288 F.3d at 1156.  To the extent that plaintiffs argue that decisions made by Judge Gibbons and Justices Pickering, Parraguire, and Saitta violated their federal rights, any such claims would also be barred by absolute judicial immunity.  *See Pierson v. Ray*, 386 U.S. 547, 554–55 (1967) (holding that § 1983 did not abolish the common law immunity of judges for acts within the judicial role).  Accordingly,

_____

[3] Plaintiffs' complaint does not clearly allege that the named defendants were acting under color of state law, or describe the role each defendant played in the alleged violations.  However, the court advises plaintiffs that neither a public defender nor a private attorney is a state actor for purposes of § 1983 when performing a lawyer's traditional functions as counsel in connection with a lawsuit.  *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1157, 1161 (9th Cir. 2003).

the court recommends that plaintiffs' claims under § 1983 be dismissed.

## IV.   CONCLUSION

Plaintiffs state a colorable claim under Title II of the ADA against DSCO, and against Mr. Harker and Mr. Coverley in their official capacities, for a failure to accommodate Mr. Kozlowski's disabilities when he was arrested in March 2010.   For the foregoing reasons, however, the court recommends that the remaining claims in plaintiffs' complaint be dismissed.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,  the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

1
2
3
4

2.     This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

5
6

## V.     RECOMMENDATION

7
8
9

**IT IS THEREFORE RECOMMENDED** that plaintiffs' application to proceed *in forma pauperis* (#1) be **GRANTED**;

10
11
12

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** plaintiffs' complaint (#1-1);

13
14
15
16
17
18

**IT IS FURTHER RECOMMENDED** that Mr. Kozlowski's Title II ADA claims regarding his March 2010 arrest proceed against DSCO, Mr. Harker in his official capacity, and Mr. Coverley in his official capacity;

19
20
21
22
23
24

**IT IS FURTHER RECOMMENDED** that all claims be **DISMISSED WITH PREJUDICE, WITHOUT LEAVE TO AMEND** against defendant Wilson, Gibbons, Pickering, Parraguire, and Saitta;

25
26
27
28

**IT IS FURTHER RECOMMENDED** that all claims asserted on behalf of Mrs. Kozlowski be **DISMISSED WITH PREJUDICE,**

**WITHOUT LEAVE TO AMEND,** and that all claims asserted on behalf of John Does I through V be **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND**.

   **IT IS FURTHER RECOMMENDED** that Mr. Kozlowski's remaining claims be **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND** against all defendants;

   **IT IS FURTHER ORDERED** that plaintiffs shall have thirty (30) days from the date of this order within which to file an amended complaint remedying, if possible, the defects identified above.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.  Plaintiffs are advised that if they do not file an amended complaint within the specified time period, the court will recommend dismissal of these counts WITH PREJUDICE.  Plaintiffs shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and plaintiffs shall place the case number,

3:15-cv-00246-MMD-VPC, above the words "FIRST AMENDED COMPLAINT."

**DATED**: October 22, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE**