UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN KOZLOWSKI, MICHELLE KOZLOWSKI,<br><br>    Plaintiffs,<br>    v.<br>STATE OF NEVADA, et al.,<br><br>    Defendants. | Case No. 3:15-cv-00246-MMD-VPC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (dkt. no. 3) ("R&R") relating to plaintiffs' application to proceed *in forma pauperis* (dkt. no. 1) and *pro se* complaint (dkt. no. 1-1). Plaintiffs were allowed up to November 5, 2015, to file and objection. No objection to the R&R has been filed.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an

1 objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Cook's R&R. Upon reviewing the R&R and underlying briefs, this Court finds good cause to accept and adopt the Magistrate Judge's R&R in full.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (dkt. no. 3) be accepted and adopted in its entirety.

It is ordered that plaintiffs application to proceed *in form pauperis* (dkt. no. 1) is granted; plaintiffs will not be required to pay an initial fee.

It is further ordered that Mr. Kozlowski's Title II ADA claims regarding his March 2010 arrest proceed against DSCO, Mr.

///

Harker in his official capacity, and Mr. Coverley in his official capacity.

It is further ordered that all claims are dismissed with prejudice, without leave to amend against defendant Wilson, Gibbons, Pickering, Parraguire, and Saitta.

It is further ordered that all claims asserted on behalf of Mrs. Kozlowski are dismissed with prejudice, without leave to amend, and that all claims on behalf of John Does I through V are dismissed wihtout prejudice, with leave to amend.

It is further ordered that Mr. Kozlowski's remainig claims are dismissed without prejudice, with leave to amend against all defendants.

Plaintiffs are granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiffs choose to file an amended complaint Plaintiffs are advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in

the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiffs' amended complaint must contain all claims, defendants, and factual allegations that Plaintiffs wishes to pursue in this lawsuit. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the Court. Plaintiffs must clearly title the amended complaint as such by placing the words "First Amended Complaint" on page 1 in the caption and Plaintffs must place the case number 3:15-cv-00246-MMD-VPC above the words "First Amended Complaint." If Plaintiffs choose to file an amended complaint curing the deficiencies as outlined in this order, Plaintiffs must file the amended complaint within thirty (30) days from the date of entry of this order. Failure to file an amended complaint will result in dismissal of the dismissed claims with prejudice. In that event, this action will proceed on Mr. Kozlowski's Title II ADA

1  claims regarding his March 2010 arrest against DSCO, Mr. Harker

2  in his official capacity, and Mr. Coverley in his official capacity

3      DATED THIS 23rd day of November 2015.

    _____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE